UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAM ZALLOUM and JULIE ZALLOUM,

    Plaintiffs,

v.                                                         Case No:   6:13-cv-1144-Orl-40TBS

RIVER OAKS COMMUNITY SERVICES
ASSOCIATION, INC., WEAN &
MALCHOW P.A., DOES 1-10,
INCLUSIVE, HARA MANAGEMENT INC.
and PRESIDENTIAL GROUP SOUTH
LLC,

    Defendants.

## ORDER

Pending before the Court is the Motion to Strike or, in the Alternative, Motion for Protective Order Regarding Plaintiffs' Untimely Served Discovery Requests, filed by Defendant Wean & Malchow, P.A. (Doc. 63). Copies of Defendant's motion were served on Plaintiffs at the address listed by the Clerk of Court in the case file. (Doc. 63 at 4). Defendant's motion was filed on November 17, 2014, which means Plaintiffs had until December 4, 2014 to file their written response. Plaintiffs have failed to file a response and therefore, the Court construes the motion as being unopposed. Cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); United States of America v. Fitzgerald, Case No. 8:07-cv-1374-T-24-TBM, 2009 U.S. Dist. LEXIS 82747, at *2-3 (M.D. Fla. June 23, 2009); Pierre-Louis v. Martinez, No. 12-CV-2240 (NGG) (LB), 2014 WL 4161960, at *2 (E.D.N.Y. Aug. 19, 2014).

The Court has authority to manage its cases by establishing deadlines. See Hess v. Coca-Cola Refreshments USA, Inc., No. 813-cv-3136-T-33EAJ, 2014 WL 5080258, at *2 (M.D. Fla. Sept. 29, 2014) ("[A] district court has the inherent authority to manage and

control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'") (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., 556 F.3d 1232, 1240 (11th Cir. 2009)).  The Court's Case Management and Scheduling Order ("CMSO") is binding upon all parties to the lawsuit and can only be modified for good cause and with the judge's consent.  See Payne v. Ryder Sys., Inc. Long Term Disab. Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997); FED. R. CIV. P. 16(b).

The CMSO governing this case established a November 3, 2014 deadline for the completion of all discovery.  (Doc. 40 at 1).  The CMSO provides that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline."  (Id. at 4).  On November 3, 2014, Plaintiffs served interrogatories, requests for admissions and requests for the production of documents on Defendant Wean & Malchow, P.A.[1]  (Doc. 63 at 2).  Defendant received Plaintiffs' discovery on November 4, 2014.  (Id., at 1-2).  Now, Defendant moves the Court to strike Plaintiffs' discovery as untimely, or in the alternative, to protect Defendant from having to respond to the discovery. (Doc. 63).

Discovery had closed before Defendant Wean & Malchow, P.A., received Plaintiffs' interrogatories, requests for admissions and requests for production so that Defendant's responses to this discovery were not due until after the close of discovery.  See FED. R. CIV. P. 33(b)(2); 34(b)(2); and 36(a)(3).  Consequently, Plaintiffs' discovery directed to Defendant Wean & Malchow, P.A., on November 3, 2014 was untimely.  Accordingly, the motion to strike is GRANTED and Plaintiffs' interrogatories, requests for admissions, and requests for the production of documents served on Defendant Wean & Malchow, P.A.,

---

[1] Plaintiff's Certificates of Service state that this discovery was served on October 15, 2014 but the envelope containing the discovery is postmarked November 3, 2014.  (Doc. 63-2).

on November 3, 2014 are **STRICKEN**.   Defendant's alternative request for a protective order is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> *Pro se* Plaintiffs
> Counsel of Record